NEW JERSEY TERMINAL DOCK & IMPROVEMENT CO. et al. v. ESTATES OF LONG BEACH.

(Circuit Court, E. D. New York. July 6, 1910.)

1. COURTS (§ 357*)—UNITED STATES COURTS—PROCEDURE—FEES OF REFEREE.
    The fees of a referee appointed by an order of the United States Circuit Court must be controlled by the allowance of the court, if not agreed on by the parties, and are not affected by the statutory fees prescribed by the state.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. § 357.*]

2. COSTS (§ 148*)—STIPULATIONS—FEES OF REFEREE.
    It is against public policy to stipulate that any statutory provision as to the expenses of litigation is to be waived, and to agree, either with or on behalf of the referee, that anything he and the successful party may agree upon shall be collected from the unsuccessful party, without the power of review by any court, even that by whose order reference is had.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 575; Dec. Dig. § 148.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**3.** COURTS (§ 357*)—UNITED STATES COURTS—FEES OF REFEREE—STIPULATIONS.

A stipulation that a referee shall receive a reasonable compensation for his services, under practice in the United States courts adopting so far as may be the procedure of the state of New York, where the action was begun is not only within the control of the court, but should be presented to the court for determination, if the parties do not agree what is a reasonable amount.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 938; Dec. Dig. § 357.*]

**4.** REFERENCE (§ 76*)—REFEREE'S FEES—STIPULATIONS.

Under a stipulation for reasonable compensation to a referee, the amount involved and benefit to both parties, as well as the standard of what charge the referee would make to a client, must be taken into account, since the referee is an officer of the court.

[Ed. Note.—For other cases, see Reference, Cent. Dig. § 110; Dec. Dig. § 76.*]

Action by the New Jersey Terminal Dock & Improvement Company and others against the Estates of Long Beach. Heard on appeal from taxation of costs. Appeal allowed as to item of referee's fees.

Simpson, Thacher & Bartlett, for plaintiffs.

Charles C. Clark, for defendant.

CHATFIELD, District Judge. The plaintiff and defendant consented to the trial of this case before a referee to hear and determine, but with a provision that the report should be confirmed by this court before judgment could be entered. At the beginning of the reference they entered into the following stipulation:

"It is stipulated that the referee shall receive a reasonable compensation for his services, and for the time spent by him in the business of the reference herein, irrespective of any statute, which are hereby waived, which fee shall be paid by the successful party and be taxed as a disbursement against the unsuccessful party herein."

The statutory fees referred to therein are those enumerated in the laws of the state of New York, and with them this court has nothing to do. The fees of a referee appointed by an order of this court must be controlled by the allowance of this court, if not agreed upon by the parties. The plaintiff prevailed and took up the referee's report, which has since been confirmed by this court. Upon taxing costs, it is sought to have the amount allowed by the clerk. Taxation was refused, and an appeal to the court brings up the entire question.

The defendant not only objects to the amount which the plaintiff has paid to the referee, but also questions this court's right to fix the amount which shall be taxed. He insists that the stipulation entered into was against public policy, inasmuch as no referee or no court should be allowed to determine, as a finality, for himself what his decision may be worth in an individual case. With the general proposition thus presented by the defendant this court is in accord. It would seem to be against public policy to stipulate that any statutory provision as to the expenses of litigation is to be waived, and then attempt to agree, either with or on behalf of a referee, that anything that he and the successful party may think obtainable should

be forced upon the unsuccessful party, without the power of review by any court, even that by whose order the reference is had.

The situation would be different if the parties beforehand waived the benefits of the statute and agreed upon a flat or fixed rate of payment. The public would not be injured by such a proceeding, unless in the particular case some dangerous precedent might be established. But in the present matter the stipulation was that the referee should receive a reasonable charge; and under the practice in the United States courts, adopting so far as may be the procedure of the state of New York (this action having been begun in the state court and removed to this court), it would seem that the amount which can be taxed against the unsuccessful litigant is not only within the control of this court, but should have been presented to this court for determination, if both parties could not agree what was a reasonable amount as stipulated.

Under the circumstances, the rate at which the referee estimated the value of his services and the time which he devoted to the case do not seem to be unreasonable from his standpoint; but, in allowing compensation for a case of this nature, the amount involved and the benefit to both parties must also be taken into account, for the referee is nevertheless an officer of the court, and bound to be governed in his charges by all the considerations affecting the situation, rather than by the sole standard of what charge he would make to a client. The plaintiff has agreed with the referee in the referee's estimate of what his services are worth; but he can recover from the defendant the amount only which this court feels should be allowed for that purpose in this particular case, and as to the balance the plaintiff will have to meet the expense for itself.

The plaintiff may tax as an item of referee's fees the sum of $1,000, and to that extent the appeal from the action of the clerk will be allowed.